## GEORGE E. PAPAGEORGE *v.* ARGERO G. PAPAGEORGE (5770)

SPALLONE, STOUGHTON and NORCOTT, Js.

Submitted on briefs September 28—decision released November 17, 1987

*Michael A. Meyers* filed a brief for the appellant (defendant).

*George L. Holmes, Jr.,* and *Theodore R. Tyma* filed a brief for the appellee (plaintiff).

NORCOTT, J. The defendant wife appeals from the judgment of the trial court entered on her cross complaint, dissolving the marriage between the parties.[1] The defendant claims that the trial court erred by making an award to her which was legally insufficient as well as logically inconsistent with the court's findings of facts and conclusions of law.

---

[1] The plaintiff withdrew his complaint prior to trial, and the trial court proceeded with the cross complaint alone.

The following facts are pertinent to the present appeal. The defendant, Argero G. Papageorge, and the plaintiff, George E. Papageorge, married on April 19, 1946. In 1961, the parties separated when the plaintiff moved in with another woman. No dissolution of the marriage was sought, however, until twenty-six years later when the plaintiff commenced this action on October 25, 1985. The parties are the parents of four grown sons. The plaintiff has another son who is the issue of the plaintiff's current relationship.

The defendant is a sixty-three year old woman of reasonably good health. She has had limited formal education and has worked as a seamstress for approximately twenty-five years. Currently, the defendant's income consists of the money she earns as a seamstress, approximately $80 per week, plus $106 per month in social security benefits and various monies paid to her by the plaintiff. For the past 36 years, the defendant has lived in the family residence located at 84 Sherman Court, Fairfield. Prior to the award which is the subject of this appeal, however, the defendant had no real assets in her own name. The defendant did not live extravagantly, and, according to the record, her needs, paramount of which was financial security, were modest.

At the time of trial, the plaintiff owned five pieces of real estate in Fairfield and Bridgeport with a total stipulated fair market value of $1,605,000. One of the properties was the family residence which had a fair market value of $250,000. Mortgages on the other four Fairfield-Bridgeport properties totaled approximately $355,000. In addition, the plaintiff owned a restaurant business known as the Sandbar Cafe; his stock value in that business was approximately $200,000. The plaintiff's additional assets consisted of the value of his two automobiles ($9700), cash ($37,000), and a life insurance policy, the cash surrender value of which was

$15,000. Against these assets, the plaintiff had liabilities, exclusive of mortgages previously mentioned, totalling $12,500. In all, the plaintiff had a total approximate net worth of $1,499,200.

Another noteworthy fact was that the plaintiff derived income from the restaurant business and from rentals of two parcels of his real estate. In 1985, the reported profit from the rental of the plaintiff's properties was $1586.90. It is unclear as to precisely how much income the plaintiff derived from the cash receipts of the restaurant business, and the matter is one of disagreement between the parties. Nevertheless, from his income, the plaintiff supported himself, his wife, his companion and his youngest son.

After hearing all the evidence, the trial court awarded the defendant the following: periodic alimony of $300 per week, such payments to be secured by a non-negotiable mortgage note on two of the plaintiff's properties; a lump sum alimony payment of $15,000; a $5000 cash payment to defray the costs of the defendant's attorney's fees; payment of the defendant's medical expenses which exceed $1000 per calendar year until the defendant becomes eligible for medicare; the naming and maintenance of the defendant as the primary beneficiary of the plaintiff's $100,000 life insurance policy; and the family home, 84 Sherman Court, deeded free and clear of all encumbrances. From the judgment on the order of these awards the defendant now appeals.

It is axiomatic that because of its clearly advantageous position to assess all of the circumstances before it, the trial court is accorded broad discretion in awarding alimony and allocating property in dissolution actions. *Carpenter* v. *Carpenter,* 188 Conn. 736, 742, 453 A.2d 1151 (1982); *Carter* v. *Carter,* 8 Conn. App. 356, 358, 512 A.2d 979 (1986). This court has held that

decisions by the trial court on such matters will only be disturbed " 'under the clearest of circumstances.' " *Ehrenkranz* v. *Ehrenkranz,* 2 Conn. App. 416, 421, 479 A.2d 826 (1984). Accordingly, our review of the trial court's financial awards to the defendant is limited to determining whether the trial court correctly applied the law to the facts of this case and whether the trial court could reasonably have concluded that such awards were appropriate. Id., 420–21.

In fixing the value of property to be assigned and the amount of money to be awarded as alimony in a dissolution matter, the trial court is held to the task of applying the statutory criteria set forth in § 46b-81 (c) and § 46b-82 of the General Statutes. Those statutes provide that when fashioning an award of either property or alimony "the court . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties . . . ." General Statutes § 46b-81 (c); see General Statutes § 46b-82. In addition, when assigning marital property the court must also consider "the opportunity of each for future acquisition of capital assets and income . . . [and] the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates." General Statutes § 46b-81 (c). The defendant claims that the trial court abused its discretion in applying the criteria of these statutes to the evidence before it and thus rendered an award which was legally insufficient.

The defendant challenges the trial court's decision to award her only the marital residence worth $250,000 when the plaintiff owned real estate that was valued at well over $1,000,000. As noted above, § 46b-81 (c)

of the General Statutes requires the court to consider the contribution of the parties to the "acquisition, preservation or appreciation in value" of the estates when determining what property should be assigned as an award in a dissolution action. The evidence in this case indicates that the bulk of the property owned by the plaintiff was acquired after his separation from the defendant and that the defendant played no role in either the acquisition or preservation of that property. Thus, the trial court's decision to award the defendant the only property the plaintiff possessed upon separation was clearly an exercise of lawful discretion.

The defendant also challenges the sufficiency of the remainder of the court's award. In fashioning the remainder of the award, the trial court appropriately considered the needs of the defendant. General Statutes § 46b-82. The defendant described herself as a person of modest needs and one who was primarily interested in financial security for the rest of her life. The trial court's award of periodic alimony when coupled with the lump sum alimony awarded, the defendant's social security, the insurance benefits she is to receive if the plaintiff predeceases her, the security she receives for medical expenses, and the rental income she could receive from the marital residence clearly meets those needs. While the trial court's award can in no way be characterized as overly generous, it is an award which comports with the evidence and law of this state.

There is no error.

In this opinion the other judges concurred.