[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, 34, has brought this action against the defendant husband, 43, seeking to dissolve their marriage which took place on October 3, 1981 in Waterbury, Connecticut. Two children have been born issue of this marriage:
Anthony F. born 1/29/83 and
Andrew J. born 4/3/85.
The court finds that all of the allegations of the complaint are true. A judgment is entered dissolving the parties' marriage on the ground alleged of irretrievable breakdown, the parties having so stipulated in writing.
The plaintiff, who enjoys good health, is a high school graduate with about one year's college credits. The plaintiff worked until the first child arrived. She returned to work one night weekly for the same employer in 1984. From 1987 to 1991 she worked at Marcey's Restaurant, Waterbury which allowed her children on the premises as well as furnishing her one meal daily. CT Page 5314-g When she left she was earning $7 hourly. Next, she was employed by Laurel Glass, Cheshire at $7 for 25 hours weekly. Next, she found work as a cashier for a Mobile station reaching $8 hourly for 30 hours. In February of this year she became a certified nursing assistant, and has obtained employment at Abbott Terrace at $6.95 hourly plus medical insurance after three months. She testified that her potential is $10 to $11 hourly.
The defendant, a college graduate, is an electrical engineer, who worked as a manufacturing engineer for Consolidated Controls until 1986 when he left for an advanced pay of $40,000 at Revere Corp. where he stayed for two years six months, while earning $48,000. Then he went into a 50/50 partnership in corporate form as D.E. Sensor Manufacturing, Inc. but electing to be taxed as a subchapter S, i.e. as a partnership. John Deere is their dominant customer, making a sensor that alerts the Deere row-crop tractor when to raise its plow. The defendant testified that their present product will be phased out next year by Deere. The company's future depends upon the development of other products. To complicate the company's future, it and the owners are being sued for trade secrets by defendant's former employer. Under the circumstances, the court is satisfied that the defendant's stock in D.E. Sensor has no present value for a sale to a third party.
By his own admission the defendant lists weekly expenses of $1,075 on his financial affidavit. Since the defendant has the ability to control the cash flow of his business, and his partner or co-owner not being called as a witness, the court finds that the defendant is expending $1,075 weekly and therefore concludes this is his disposable net income for child support purposes, without adding in the debt service which is not considered net disposable.
The parties acquired their home in 1980 for $63,000 by obtaining the deposit and closing expenses from the plaintiff's parents, who were paid back when the parties placed a second mortgage on the property. The parties differ slightly in valuing their home. The court finds its fair market value to be $122,500. It is currently encumbered by three (3) mortgages totaling over $124,000. There is no equity. In addition to the first and second mortgages, which total $63,800, there is a third mortgage with Southington Savings Bank which was written to secure a line of credit for D.E. Sensor. CT Page 5314-h
The court enters the following orders, having considered the evidence in light of the statutory criteria.
1. There shall be joint legal custody of the two children, with primary residence with their mother and reasonable visitation rights vested in their father.
2. The defendant shall pay weekly child support in the sum total of $284 per week for the minor children based on the plaintiff's net income of $268 and the defendant's financial affidavit as analyzed supra.
3. The defendant shall continue to provide medical insurance for the minor children through his corporation and the parties shall equally divide any uninsured bill balances incurred for the minors' health care. The provisions of § 46b-84(c), Connecticut General Statutes are incorporated herein.
4. The defendant shall pay to the plaintiff as periodic alimony the sum of $50 weekly until her remarriage or the death of either party, Ippolito v. Ippolito, 28 Conn. App. 745.
5. The defendant's life insurance policy listed on his financial affidavit was identified by the defendant as dedicated to a corporate buy and sell arrangement. The court therefore makes no order, Michel v. Michel, 31 Conn. App. 338.
6. The real estate known as 21 Westmont Drive, Waterbury is ordered sold. The defendant shall be solely responsible for obtaining the release of the Southington Savings Bank mortgage. If he is unable to do so, the plaintiff shall be entitled to any net proceeds generated by the sale and the defendant shall hold the plaintiff harmless from any claims made against the plaintiff by the said third mortgage holder. If the parties cannot agree on any term necessary to effect this sale, either party may move the court for an articulation. Until sold, and while defendant occupies the premises, he shall pay the mortgage installments and maintain the premises.
7. The defendant shall be solely responsible for settling all I.R.S. claims made against the parties.
The parties shall otherwise settle their own debts without CT Page 5314-i contribution, including the litigation expenses of this action.
8. The plaintiff may remove the washer, dryer and a picture hung in the living room.
9. Each party shall continue to own the motor vehicle now each possesses, and shall save the other party harmless.
10. The defendant shall retain his 50% ownership of D.E. Sensor.
The attorney for the plaintiff shall prepare the judgment file.
HARRIGAN, J.