[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, Mabel S. Arnott, commenced this action against the defendant husband, Raymond E. Arnott, seeking a dissolution of the marriage, alimony and other relief. The defendant appeared by counsel, but filed no answer, cross-complaint, or claims for relief. The defendant now resides in the State of Illinois, was represented by counsel at the trial, who fully participated in cross-examination and oral argument. The defendant did not personally appear at the trial but submitted, through his attorney, his sworn financial affidavit, and a letter stating that he was unable to appear for the trial `due to his financial condition'.
From the evidence, the court finds the following facts. The wife married the husband at Worcester, New York, on June 23, 1954. The wife has resided continuously in this state for at least one year before May 15, 1992, the date of her complaint. The husband had actual notice of this action and the trial date, and all statutory stays have expired. This court has jurisdiction. CT Page 8654
The parties had seven children during this almost forty-year marriage, all of whom have reached their majority. No other minor children have been born to the wife since the date of the parties' marriage.
The wife is 58 years of age, and now lives in New York with her granddaughter. She works as a `prep' cook in a diner and earns $193 net per week. She suffers from back problems and a hiatal hernia. She recently received her high school equivalency diploma, but has no formal vocational skills or training. However, she worked in the husband's plumbing business doing bookkeeping, the payroll and the like. She also operated and managed the family-owned liquor store for a period of time.
The husband is 59 years of age, and now lives in Illinois with a daughter of the parties. He works for her as a maintenance man, and earns $106 per week net. He has minimal living expenses, and if the $79 per week alimony pendente lite order shown as an expense on his financial affidavit is subtracted (which he has not regularly paid, as can be seen from the arrearage found, infra), he actually has a surplus of $37 per week. He dropped out of high school after the tenth grade, and holds a Connecticut plumber's license. Although his present earnings are less than those of the wife, his expenses are lower, and he has greater earning capacity and vocational skills than she has. He has, at least as of the time the parties separated, a severe alcohol abuse problem.
The wife testified that this long marriage was filled with abuse heaped upon her by the husband, in large part due to his drinking. In addition, the wife testified, his plumbing business, which had grossed from $120,000 to $200,000 per year, was lost as a result of the husband's drinking. At this time, he remains with an accumulation of $35,000 in trade debts which arose from the plumbing business and are unpaid.
The parties also each own a one-quarter interest in real estate known as 1588-1590 Hartford Road, Montville, Connecticut, which consists of some retail stores and apartments, and includes the liquor store business that the wife testified was also destroyed and lost as a result of the husband's activities. These included drinking on the premises, closing the store when it should have been open for business, and the like.
The wife conceded that she sold the family home in CT Page 8655 1992, netted about $5,000 from the sale and did not share it with the husband. She also had a brief affair with another man and went with him to New York. However, the court finds that the wife's testimony as to the cause of the breakdown is credible, and further finds that the wife's short-lived affair occurred after the marriage of the parties had irretrievably broken down. The court finds that the husband's drinking and abuse of the wife was largely responsible for the breakdown of the marriage and the loss of their assets, substantial past income and their past life style, and has reduced them to their present marginal circumstances.
The husband shows over $43,000 in liabilities on 3 of his financial affidavit, including the trade debts previously referred to, but not including an arrearage due the wife in the amount of $4,760 which has accrued from a pendente lite alimony order, which has mostly been unpaid. The only assets shown by him are his tools valued at $450, his ten-year-old Dodge van, valued at $400, and his one-quarter interest in the commercial-residential real estate in Montville, which he values at $31,250, net after the mortgage. The wife did not list this property on her affidavit, and explains that she has retained counsel in New York to commence bankruptcy proceedings, and also claims that the other co-owners of the property have asserted claims against the Arnotts, which may be greater in amount than the Arnotts' interests in the property. Hence, the exact status of this property, its value and equity, if any, is largely unknown. It appears from the lack of interest that the parties have shown with respect to the property, and their failure to furnish the details relating to it, that they have written it off.
The wife's only assets as shown on her financial affidavit are a nine-year-old Chevrolet car valued at $400 and $2,500 in personal property and furnishings. She also shows liabilities on 3 of her affidavit in the amount of $10,000.
The court has considered all of the factors contained in General Statutes 46b-81 and 46b-82, in the light of the evidence and the findings above, and enters the following orders:
A decree may enter dissolving the marriage on the ground of irretrievable breakdown.
The husband shall pay the wife the sum of $50 per week periodic alimony, $25 of which shall be deferred and shall accrue. Said alimony shall be deductible for income tax purposes CT Page 8656 to the husband and taxable to the wife, and shall terminate upon the death of either party or the remarriage of the wife. An arrearage in the amount of $4,760 is also found. The alimony order currently payable of $25 per week shall be secured by an immediate wage execution and a lien upon the husband's interest in the premises at 1588-1590 Hartford Road, Montville, Connecticut. Said lien shall also secure the arrearage and the deferred alimony payments, which shall be due and payable upon the sale or refinancing of said premises or upon further order of the court.
Each party shall take and have free of the claims of the other, the vehicle they show on their respective financial affidavits, and the tangible personal property they have in their possession. They shall each assume and pay the liabilities shown on their affidavits, and save the other harmless therefrom.
No attorney's fees are awarded to either party, as the court cannot find that a denial of attorney's fees would undermine the other financial awards entered. The court also finds that the plaintiff has not shown that the defendant has a present ability to pay such attorney's fees, either from assets current income.
The wife's request for an order that the defendant maintain and pay for an insurance policy on his life for her benefit is denied, as there was no evidence that he is presently insurable; nor was there any evidence pertaining to the cost of such insurance. See Michel v. Michel, 31 Conn. App. 338 (1993).
Teller, J.