[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The alone-captioned matter has a lengthy and complicated history beginning with the judgment of dissolution entered by this Court (Cohen, STR.) on October 17, 1983.
From that judgment, an appeal was taken by the plaintiff wife and, on August 14, 1990, the Appellate Court remanded the matter to the Superior Court for a new trial as to the financial and property distribution. This Court heard the matter as remanded by the Appellate Court and entered its decision on December 1, 1992. In response to that December 1, 1992 decision, both parties filed motions which were heard by the Court and ruled on in its Memorandum of Decision dated May 26, 1993.
The orders entered by this Court on May 26, 1993, are the subject of the three following motions:
 1) The plaintiff's Motion For Rearticulation, dated June 29, 1993;
 2) The plaintiff's Motion To Reargue, dated June 29, 1993; and CT Page 10293
 3) The plaintiff's Motion For Contempt, dated July 2, 1993.
The Court heard argument on the three aforementioned motions and entered its orders and articulation as to each of those issues on the record.
The Court did, however, reserve decision on the following issue.
In its May 26, 1993 decision, the Court vacated the following order previously entered as part of its December 1, 1992 judgment:
 "The defendant is to maintain the existing insurance on his life in the amount of $250,000.00 and pay the cost of all premiums. The plaintiff shall be named the irrevocable beneficiary of said policy."
The plaintiff, in her Motion to Reargue dated June 29, 1993, moved the Court to reinstate that specific order for the reason that the Court, on May 26, 1993, was without jurisdiction to make a "substantial change" to its December 1, 1992 ruling.
Further, the plaintiff argues that she did not ask the Court to review that order regarding life insurance on her post-judgment motions and claims that the defendant did not "challenge the validity of the life insurance order" in his post-judgment motions.
The defendant argues that he did, in fact, seek a reconsideration of the Court's December 1, 1992 order requiring the defendant to maintain that life insurance in his December 14, 1992 Motion For Articulation.
The defendant also argues that the plaintiff missed her only opportunity to object to the deletion of the order regarding the life insurance when she failed to take a timely appeal to the Appellate Court within twenty days of the May 26, 1993 decision.
The Court has taken into consideration the arguments of CT Page 10294 both parties concerning the propriety and authority of the Court's May 26, 1993 ruling regarding the defendant's obligation to maintain life insurance.
Notwithstanding the parties respective positions, the Court finds that when it entered the May 26, 1993 order relieving the defendant of the duty to maintain life insurance, as specifically stated hereinabove and originally in the December 1, 1992 judgment, this Court erred. It erred by misapplying the holding of Michel vs. Michel, 31 Conn. App. 338
(1993). That case held that it would be inappropriate for a court to compel a party to obtain and maintain life insurance without the court having available to it all of the information necessary to craft and appropriate order regarding such insurance. Michel, however, expressly provides that where a life insurance policy was in effect at the time of the judgment, the Court is deemed to have available to it all of the information necessary to craft such an order.
The policy of life insurance which this defendant was ordered to maintain for the benefit of the plaintiff was in effect at the time of the judgment on December 1, 1992. This Court had all necessary information. This Court erred in applying the holding in Michel to the facts found in this case.
The defendant also argued that it is unprecedented and extraordinary to require the obligation to maintain this life insurance to continue on, "open-ended", beyond the period of time the defendant is obligated to make alimony payments.
This Court is of the opinion that the facts in the instant case, including, but not limited to the defendant's outrageous fraud perpetrated not only on the plaintiff but also on the Court, permit and justify such an order.
The defendant is ordered to maintain insurance on his life as specifically set forth in the judgment of December 1, 1992.
Joseph W. Doherty Judge CT Page 10295