[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband, 35, and the defendant wife, 50, married on March 21, 1981. They have one child, Jennifer A., born February 24, 1983.
It was a second marriage for each party. The plaintiff is paying court ordered child support (Docket #053319) in the weekly amount of $35 to his former wife for one child born December 15, 1978. At the time of this marriage the defendant was the custodial parent of one son, Scott Galloway, then 16 years old, who lived in the marital home of the parties throughout this marriage.
Both the defendant and the plaintiff's former wife have enlisted the assistance of the Connecticut Support Enforcement Unit to supervise payment of child support. On September 24, 1993 this court (Harrigan, J.) referred both this file and the earlier file cited above to the Family Support Magistrate calendar. That memorandum is incorporated herein by reference. This court has taken judicial notice of the contents of Docket #053319. CT Page 1615
The plaintiff started a welding business in 1983 with $9,000 received from his father. The business prospered and the parties enjoyed recreational activities, using a boat in the summer and snow mobiles in the winter.
The plaintiff's testimony regarding his income and the disposition of a motor vehicle and a boat is not believable. The court can only infer, from the description of their lifestyle depicted by the defendant, that the plaintiff's income was greater than he admitted to, both on the tax returns and in his financial affidavits.
The defendant is angry and bitter for the plaintiff turned his attentions from her to another woman. The court finds the plaintiff's conduct to be the major cause of the marriage breakdown.
The plaintiff attempted to hide the boat by registering it in Massachusetts (Defendant's Exhibit 5), after claiming it was sold to "Bob", then placing the registration (Defendant's Exhibit #2) in his name and in Barbara LaMore, his girlfriend. He rented a boat slip for the 1993 season for cash (Defendant's Exhibit #3). The original value of the boat was $12,000, (Defendant Exhibit #4). The plaintiff testified, when recalled to testify by the defendant, that he received $5,000 for the boat in July, 1993, after the court had entered an asset restraining order in April, 1993 Glenn Noble, a friend of plaintiff's, testified he paid $5,000 in cash to plaintiff on or about July 15, 1993 and the boat is now registered in New Hampshire to the witness.
The plaintiff has a camper (Defendant's Exhibit #8).
Although the plaintiff boasted to Barbara LaMore's daughter that he paid his wife $1,000 weekly for expenses, the court finds such statement equally self-serving when uttered and equally unreliable. The court finds that the plaintiff's net disposable income must be inferred based on the earning capacity demonstrated by the parties' living style, and concludes it is currently $500.00 net disposable weekly.
The defendant's version of their accumulation of assets rests upon a tale of $6,000 found in defendant's father's suit after his death as well as other cash of $38,000. There are no CT Page 1616 records in evidence and the court gives the story little weight in determining the contributions of the defendant to the marriage. The defendant did work and the court accepts her explanation of giving most of her paychecks to the plaintiff.
The court, having sifted through the evidence, applying the statutory criteria, enters the following decree.
1. Judgment is entered on the cross complaint dissolving the parties' marriage on the ground of irretrievable breakdown.
2. The defendant shall have sole custody of the parties' minor child with reasonable visitation rights awarded the plaintiff.
3. The plaintiff is ordered to continue to pay $96 weekly to the plaintiff as child support. The court's order recognizes the plaintiff's obligation to support another minor not of this marriage. Further, the order was based on the court's finding of the plaintiff's earnings. The modification of child support is referred to the Family Support Magistrate who is able to exercise jurisdiction over all the parents of plaintiff's two children, thereby insuring the child will be treated fairly.
4. Medical insurance covering the minor child is not ordered for there is nothing in the record regarding the cost for same. Michel v. Michel, 31 Conn. App. 338, 341.
5. The plaintiff shall pay to the defendant the sum of $1.00 annually as periodic alimony until her remarriage or the death of either party.[1]
6. The plaintiff is to deliver the 1977 Coachman R.V. to the defendant immediately, free and clear of lien or back tax, and to execute such documents necessary to make the defendant the sole owner.
7. The plaintiff is to deliver the snowmobile he owns to the defendant, free of lien or back tax, together with such documents necessary to make the defendant the sole owner.
8. The defendant is awarded lump sum alimony of $5,200 payable weekly at the rate of $50 commencing on March 4, 1993.
9. The plaintiff shall be solely responsible for the CT Page 1617 Naugatuck Savings Bank obligation and shall hold the defendant harmless and indemnified.
10. The plaintiff shall retain his business, such tangible personal property items in his actual possession, the Iveco van and the Jeep, except the dog which shall be delivered to the defendant.
11. The defendant shall retain such tangible personal property items as are now in her actual possession.
12. The parties shall each be solely responsible for the respective debts each lists on their financial affidavits, except for the Naugatuck Savings Bank debt in paragraph 9 supra, and for the I.R.S. liability for which the plaintiff shall be solely responsible.
Counsel for the plaintiff is directed to prepare the judgment file.
HARRIGAN, J.