[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on July 6, 1963 in Meriden, Connecticut. The parties had two children, the older, Richard, born in 1964 and the younger, Patricia, born in 1967. The parties separated in 1974 after the defendant had a child fathered by Fred Bacon. In 1975 the plaintiff fathered a child born to Miss Marion Rodriguez. In 1976 the defendant had another child by Fred Bacon with whom defendant lived. The defendant received State assistance from 1978 to 1985 when she began working for Mattatuck Manufacturing until 1990. The plaintiff has been employed by Northeast Utilities since May 24, 1965, has a vested retirement plan (Defendant's Exhibit #7), a supplemental retirement plan started on January 1, 1985 (Defendant's Exhibit #5), and stock plans known as TRAESOP and PAYSOP (Defendant's Exhibit #8). During their minority the parties arranged for child support with CT Page 3302 the assistance of the Family Relations Office. The plaintiff paid the agreed amounts. It is noted that from the 10th grade until college their daughter lived with the plaintiff.
The plaintiff testified that he delayed legal action because of his religious beliefs. The court is satisfied that the marriage had broken down irretrievably by 1975. Both parties were then living with their respective paramours.
Pappageorge v. Pappageorge, 12 Conn. App. 596 is cited to the court. In that case the husband left the marital home and moved in with another woman in 1961. Twenty-six years later the husband started the dissolution action. The husband acquired the bulk of his property after the separation. The wife did not contribute to same. She lived in the marital home throughout their marriage and was supported by her husband. He treated her as his wife and she behaved as his faithful wife. The factual context of that case was markedly different from the present case. Here, neither party behaved as a spouse after 1975.
Tirado v. Tirado, 7 Conn. App. 41 is cited to the court. They lived together for a two year period although the marriage lasted 45 years. After separating, the husband fathered two other children as a result of another liaison. The wife raised the parties' two children apparently as a single parent while working in a factory. Unlike Pappageorge, the Tirado court found that the husband failed to assume the burdens of the marriage contract by not adequately supporting his wife and children. In the present case both parties have departed from the fealty owed by the marriage contract. Further, in this case the parties arranged the child support informally utilizing the FRO.
Roach v. Roach, 20 Conn. App. 500 is cited to the court. It held that (1) there must be some rationale to limiting a periodic alimony award; (2) failure to seek support during a period of separation does not preclude that party from seeking it once a dissolution action is commenced; and (3) there the court is not precluded from allowing a spouse a share of the other spouse's assets acquired after the separation but rather it is in the court's discretion whether or not to do so, citing Pappageorge. The Roach trial court decision was reversed.
Robinson v. Robinson, 187 Conn. 70, 72 is cited for the caution that the court must consider the statutory criteria but may also consider any other factors appropriate to fashioning "a CT Page 3303 just and equitable resolution of the marital dispute".
As a meter reader, the plaintiff's taxable income for 1992 was $42,000 (Defendant's Exhibit #4), filed single status. Prior years he had head of household status (Defendant's Exhibits #1, 2, 3).
The defendant's net disposable income as a production worker at Palco Connector is just over $200 weekly. The defendant has medical insurance through her employment.
A decree dissolving the marriage was entered December 28, 1993 with the remaining portion of the judgment reserved. The court, having reviewed the evidence in light of the statutory criteria, enters the following orders as part of the judgment.
1. The defendant is awarded lump sum alimony of $10,400 payable by plaintiff at the rate of $75 weekly. A wage withholding order is issued.
2. No periodic alimony is awarded.
3. The plaintiff shall keep his Duracell pension rights and his NU pensions.
4. The plaintiff shall pay an allowance to defend to the defendant in the amount of $5,000 to defray her litigation expenses, payable at the rate of $1,000 every three months, first payment due May 2, 1994 and on the 2nd day of every 3rd month thereafter until paid.
5. The parties shall otherwise retain their assets and be solely responsible for their respective bills.
The attorney for the defendant shall prepare the judgment for it was and is the court's intention to enter the judgment on the counterclaim and then dismiss the complaint as moot.
HARRIGAN, J.