[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By way of a memorandum of decision dated April 4, 1997 dissolved the parties' marriage and entered financial orders. Paragraph 6 of those orders required the defendant to maintain term life insurance in the amount of $250,000 for the benefit of the plaintiff. Within four months of the judgment, on July 17, the plaintiff moved to open and correct that portion of the orders; at argument on that motion she requested that the court either eliminate the requirement altogether or otherwise correct it to reflect the evidence at trial.
A timely motion to open a judgment after a contested trial, as was this one, may be granted for "good and compelling reason". See, e.g., Hirtle v. Hirtle, 217 Conn. 394, 398 (1991). Put another way, a judgment may be opened when there appears cause for which the court "acting reasonably would feel bound in duty to do so". McCulloch v. Pittsburgh Plate Glass Co.,107 Conn. 164, 157 (1927). Moreover, the Appellate Court, in HolcombeCT Page 12162v. Holcombe, 22 Conn. App. 363, 366 (1990), permits a court in a dissolution action to correct a judgment as long as there is "no impermissible change . . . in the substance of the dissolution orders".
The record in this case is clear that the defendant, during the pendente lite phase of the proceedings, had life insurance for the benefit of the plaintiff and paid $39 per week for it. On May 8, 1995 he agreed to maintain that insurance in effect, and that agreement became an order of the court. At the time of trial in 1997 his financial affidavit and his testimony revealed that he was still paying the premiums for that insurance. He also testified that he was in good health. Thus, this case is unlike Michel v. Michel, 31 Conn. App. 338 (1993), where the trial court ordered a party to provide life insurance for his former spouse even though he had no such insurance, and the court had no evidence as to his insurability and the cost of any such insurance. Id., 340-41.
The only aspect of the defendant's insurance picture that is not clear from the record is the face amount of the insurance he was carrying at the time of trial. That gap in the record is attributable to the defendant, who neglected to list his outstanding life insurance in the appropriate space on his financial affidavit filed at the start of trial on January 28, 1997. Cf. Hill v. Hill, 39 Conn. App. 258, 262-4 (1995).
As recognized in Michel, an order that the party obligated to make continuing periodic payments carry life insurance, with the obligee as beneficiary, "is very often an appropriate and necessary component of a judgment of dissolution of marriage". Supra, at 340. That was the court's intention here, to "ensure that funds would be available for the support of the (plaintiff) . . . in the event of the death of the (defendant)". Ibid. Since evidence of cost and availability is present in the record, I conclude that the order may stand. In the absence of evidence as to the face amount of the policy(ies) in effect at the time of trial, however, I am "bound in duty", McCulloch v.Pittsburgh Plate Glass Co, supra, to open the judgment to correct that incidental aspect of the order. I consider that correction a permissible change in the order under Holcombe and not a change in its substance.
Accordingly, the plaintiff's motion to open and correct the judgment is granted, and in lieu of the first sentence of CT Page 12163 paragraph 6 the following order is entered: The defendant shall name the plaintiff as the primary irrevocable beneficiary on the life insurance policy(ies) he was carrying at the time of dissolution, in a face amount not to exceed $250,000, for as long as he shall be obligated to pay her periodic alimony.
Further, I have reexamined all of my other orders in light of this correction. Because the substance of the original order was based on evidence in the record as to the cost of this life insurance and its relation to the other obligations imposed on the plaintiff by my orders, the "mosaic" of my original orders is not upset, and no changes in those orders are required.
BY THE COURT Shortall, J.