[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband, 70, and the defendant wife, 70, married on September 12, 1954 in New York state. They moved to Connecticut in 1960 and purchased their marital home in 1962 where the defendant continues to reside. Its location is at 66 Cow Path Drive, Stamford. They raised two children, Peter, 36, and Lucia, 30. The plaintiff vacated the marital home on January 1, 1986. He currently occupies an apartment at 1611 Washington Boulevard, Stamford. A prior separation occurred in 1974 lasting until 1977.
The plaintiff is a civil and structural engineer. He has a Master's Degree in both engineering and business. In 1962 he started his own consulting firm which he has continued to own and operate until the present time, i.e. January 8, 1998 when the trial commenced. Currently he has four full-time employees and one part-time employee. In the mid-eighties his payroll totaled 10 to 12 employees. He has no 401K nor does he have an IRA, having withdrawn the funds in 1989 and 1990. He has a profit sharing plan for himself and his employees. In 1988 when business slowed he borrowed $159,000 from the plan in order to fund his payroll in order to avoid laying off his staff. This business decision is his alone, and the plaintiff will be held solely responsible for restoring any remaining borrowed funds (Plaintiff's Exhibit #9).
The defendant has never been employed outside the home. In 1997 the defendant was notified that she had received an overpayment of $11,092 in Social Security benefits (Defendant's Exhibit L). She lists weekly income of $300 and weekly expenses of $435 which includes $240 for real estate taxes.
The parties have five parcels of real estate that were acquired during the marriage. They have agreed on the value of each as follows:
66 Cowpath Drive Stamford CT Page 2712 F.M.V. $343,000
733 Cornneck Road Block Island F.M.V. $290,000 Est. capital gain tax $ 67,000 ________ $223,000
Lot 4 Cornneck Road Block Island F.M.V. $105,000
Cat Rock Road, Lot 10-1
Block Island F.M.V. $280,000 Est. capital gain tax $ 50,800 ________ $229,200
Cat Rock Road, Lot 10-2
Block Island F.M.V. $280,000 Est. capital gain tax $ 50,800 ________ $229,200
The plaintiff's business has a capital account of $39,213. He had net income for the first eight months of 1997 of $66,588. He states a federal and state tax liability thereon of $12,744. Except for a 1986 Volvo valued at $4,000, he has no other significant assets except his interest in the employee profits sharing plan of $28,527 (Plaintiff's Exhibit #10).
The defendant has savings accounts totaling $194,238, an IRA containing $17,175, mutual funds totaling $99,208, and a 1989 Subaru valued at $1,200.
The defendant cites Pappageorge v. Pappageorge,12 Conn. App. 596 which is factually distinguishable. In that case, the husband accumulated assets in his name after the separation, and the acquisition of the assets here are due to the plaintiff's efforts prior to the separation although the defendant may be owner of record (c.f. Defendant' s Exhibits A and B). CT Page 2713
The defendant also cites Febbroriello v. Febbrorieollo,21 Conn. App. 200 for the claim founded on § 46b-37(c) obliging that
 ". . . a spouse who abandons his or her spouse without cause shall be liable for the reasonable support of such other spouse while abandoned."
In this case, the court does not find that the plaintiff abandoned the defendant without cause nor does the record support the claim. The husband continued to furnish auto, homeowners and health insurance as well as auto fuel and service. The defendant continued to occupy the family home which was maintained, heated, repaired and expanded by the plaintiff with his earnings. The court finds this claim unproven.
Having reviewed the evidence in light of the statutory criteria and applicable case law, the court enters a judgment of dissolution on the ground of irretrievable breakdown and the following orders.
 1. Each party shall pay $1.00 per year periodic alimony to the other until the death of either party or further court order.
 2. The defendant shall retain the marital home known as Cowpath Drive, Stamford, Connecticut as her sole property.
 3. The plaintiff is awarded 733 Cornneck Road, Block Island, R.I. as his sole property.
 4. The defendant is awarded Lot 4, Cornneck Road, Block Island, R.I. as her sole property.
 5 The plaintiff is awarded Lots 10-1 and 10-2 Cat Rock Road, Block Island, R.I. as his sole property.
 6 The plaintiff shall retain his business as his sole property as well as his two checking accounts.
 7 The defendant shall retain her IRA account and her mutual fund accounts as her sole property.
8. Each party shall retain the motor vehicle each now owns.
9. The plaintiff shall be solely responsible for the CT Page 2714 obligation owed to the Employee Profit Sharing Trust, the Social Security overpayment made to him, the unpaid FICA taxes, his credit cards, and unpaid federal and state income taxes on returns filed as married filing separate return. The plaintiff shall hold the defendant harmless and indemnified. Removal of the IRS liens placed on the Stamford real estate (Defendant's Exhibits I and J) shall be at the plaintiff's expense.
 10. The defendant shall be solely responsible for the liabilities listed on her financial affidavit.
 11. The parties shall continue to possess the items of tangible personal property each now has. If any items remain in dispute either party may move for an articulation.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.