[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married in Norwalk, Connecticut, on March 27, 1996. They have two minor children issue of the marriage, to wit: Miguel, born November 16, 1992, and Antonio, born October 9, 1997. Both children live with the plaintiff wife ("wife") in a rental at 23 Knapp Street in Norwalk. The oldest boy has experienced some behavioral problems, and the youngest is on a sugar restricted diet. They have been living separate and apart since March of 1999. The defendant husband ("husband") has a child from another relationship and is contributing to that child's support via wage withholding. There is also a pendente lite child support order of $139.00 per week, also via immediate wage withholding. The husband is current on those payments pursuant to that order.
The wife is 29 years old and has a high school education. She is in apparent good health, and she is currently employed at Circuit City where she earns approximately $34,000 per year as customer service manager. She has been offered a promotion, but has had to turn it down in light of her child rearing responsibilities. The wife is eligible for a modest bonus payment on a month to month basis, dependent upon the profitability of her store. She has group health insurance through her employer, which at present covers herself, her husband, and the minor children. The medical and dental coverage costs her $64.00 per week, and she also incurs $330.00 in child care costs. The husband is 27 years old and is also in apparent good health. He was employed as a car salesman on a commission basis, however since December 2000, he has been employed by Wholesalers of America and earns approximately $36,000 per year. The wife testified that she believes that the husband receives additional cash monies of as much as $150.00 per week for delivering cars. No credible evidence was offered to support this claim.
The parties had a home on Knapp Street in Norwalk, Connecticut, which was lost in a foreclosure action in 2000 during the pendency of this case. In addition, the wife filed for and received her discharge in Bankruptcy, thus eliminating her accumulated credit card debt. The husband's financial affidavit shows considerable accumulated debt, including back federal income taxes. The parties each own an automobile. They have virtually nothing else. Since the filing of this matter, there have been numerous motions and agreements regarding visitation. The wife attributes the breakdown of the marriage to the husband's numerous CT Page 3230 affairs and to the constant bickering, some of it in front of the children. She and the husband clash over differing parenting styles. The wife testified that the husband is a loving father and that the children love him in return, however, she says that he does not always exercise his visitation with regularity or call her if he has a problem with the given visit.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-56, 46b-81, 46b-82, 46b-84, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
1. That it has jurisdiction.
2. That the allegations of the complaint are proven and true.
 3. That the marriage of the parties has broken down irretrievably, and that ample evidence exists that both parties have contributed to said breakdown.
 4. That both parties have demonstrated earning capacity; and that taking into consideration the statutory factors, in particular their health, age, and the length of the marriage, that an award of time-limited periodic alimony is equitable and appropriate.
 5. That the presumptive basic child support is $305.00 per week; and that the husband's share is $159.00.
 6. That no credible evidence was introduced regarding any outstanding pendente lite arrearage in child support, and the court is unable to make such a determination at this time; and that the court specifically reserves jurisdiction as to this issue. Evans v. Taylor, 67 Conn. App. 108, 118 (2001)
7. That no credible evidence was introduced demonstrating the existence of any policy or policies insuring the life of the husband or the wife; that no credible evidence was introduced by either party as to the ability of the husband or the wife to obtain life insurance and/or the cost of premiums for same, other CT Page 3231 than the testimony of the wife that group life insurance was available to her; and that the Court is without authority I to enter any orders regarding same. Michel v. Michel, 31 Conn. App. 338, 341-42
(1993); Wolf v. Wolf, 39 Conn. App. 162, 171 (1995).
 8. That the husband has maintained an ongoing relationship with the minor children; that it is in the best interest of the minor children that he continues to do so; that given the limited means of both parties, it is also in the best interest of the minor children at this time that the parties stay in reasonably close geographic proximity so as to foster and facilitate that parent-child relationship; and that if the wife wishes to change the primary residence of the minor children to a location more than twenty-five (25) miles from their present home, absent agreement of the husband, that a full hearing take place consistent with Ireland v. Ireland, 246 Conn. 413 (1998).
 9. That on August 22, 2001, prior to the close of evidence, by written Agreement (#154) as on file with the court, the parties stipulated and agreed to the release of certain escrow funds and to the sharing of the personal tax exemptions for the minor children; that the Agreement was approved by the court; and that said Agreement is hereby incorporated by reference herein.
 ORDERS
IT IS HEREBY ORDERED THAT:
 1. The marriage of the parties is hereby dissolved, and they are each hereby declared to be single and unmated.
2. The parties shall have joint legal custody of the minor children, Miguel, born November 16, 1992, and Antonio, born October 9, 1997. The primary physical custody of the minor children shall be with the wife, subject to the reasonable, liberal and flexible visitation rights of the husband. Initial visitation with the husband shall be in accordance with Schedule A attached hereto and made a part hereof, and at suchCT Page 3232 other times as the parties may agree. The parties shall consult with one another concerning all major issues involving the minor children, including but not limited to, health, education, and religious affiliation and training. In the event that parties are unable to agree upon any issue regarding custody and/or appropriate visitation, they shall first bring the matter to the Family Relations Office prior to a determination by the Court.
 3. Commencing March 15, 2002, the husband shall pay to the wife the sum of $1.00 per year as and for periodic alimony, until the death of either party, the remarriage of the wife, or March 14, 2010, whichever shall sooner occur.
 4. Commencing March 15, 2002, and weekly thereafter, the husband shall pay to the wife the sum of $159.00 as and for child support, until such time as the oldest child shall reach the age of eighteen years, at which time child support for the remaining child shall be adjusted in accordance with the then existing Child Support Guidelines or as a Court may otherwise direct. The foregoing notwithstanding, if any child shall turn eighteen years old and is still in high school, then, in that event, the child support shall continue until the first day of next month following graduation from high school or their nineteenth birthday, whichever shall sooner occur, pursuant to Section 46b-84 (b) C.G.S.
 In addition, as and for a contribution toward the day care expenses of the minor children, the husband pay to the wife thirty-two (32%) percent of the present and future day care costs incurred by the wife for the minor children. The present order is based upon the current cost of day care for the minor children in the amount of $330.00 per week. The Court expects these charges to change overtime, and that the amount of the husband's payment shall be adjusted accordingly consistent with this order.
5. The court reserves jurisdiction with regard to the issue of pendente lite arrearage, and counsel for the wife is hereby directed to file an appropriate motion with this court within thirty (30) days hereof if he CT Page 3233 believes that such an arrearage exists.
 6. The wife shall maintain and pay for health insurance for each of the minor children so long as the husband shall be obligated to pay child support for any such minor child, and for so long as it is an incident of her employment and can be maintained for a reasonable premium. Unreimbursed medical, dental, orthodontic, optical, pharmaceutical, psychiatric, and psychological expenses for the minor child, shall be divided by the parties, 32% by the husband and 68% by the wife. The provisions of Section 46b-84 (e) C.G.S. shall apply.
 7. The wife shall promptly notify her employer as to the change of marital status and shall cooperate with the husband in obtaining continuation health insurance coverage as provided by state and federal law. The husband shall be responsible for the payment of any premiums due for such coverage.
8. Personal property shall be divided as follows:
A. The children's furniture shall remain in the wife's residence.
 B. The home furnishings (other than the children's furniture) and personal property located in the residence of each party shall belong to each of the parties respectively free and clear of any further claims by the other.
 C. Each party shall be entitled to keep the automobile which they are currently driving (whether owned or leased) free and clear of any claims by the other, and each party shall cooperate with the other regarding the execution of any documentation necessary to transfer and/or register same.
 D. Each party shall be entitled to keep their respective bank accounts (Checking, savings, and money market) as well as any retirement, profit sharing, or deferred income accounts, including, but not limited to IRA, SEP, pension, and 401(k), free and clear of any claims by the other.
9. Except as otherwise set forth herein, the parties CT Page 3234 shall each be responsible for the debts as shown on their respective financial affidavits, and they shall indemnify and hold each other harmless from any further liability thereon.
 10. Commencing with the tax year 2001 and thereafter, the husband shall be entitled to the tax exemption for the minor child Miguel, and the wife shall be entitled to the exemption for the minor child Antonio. Each shall promptly execute the necessary documentation and deliver same in a timely manner to the other for filing with the IRS and/or state taxing authority on an annual basis.
 11. Each party shall be responsible for their respective attorneys fees and costs incurred in connection with this action.
 12. The Court hereby orders an Immediate Wage Withholding Order pursuant to General Statutes § 52-362 in order to and arrearage orders.
THE COURT
SHAY, J.
 SCHEDULE A 1. Commencing March 16, 2002, until April 30, 2002, the husband shall have visitation with the minor children on alternate weekends commencing Saturday from 5:30 p.m. to 9:30 p.m. and on Sunday from 8:00 a.m. to 8:00 p.m.
 2. From May 1, 2002, until further order of court, the husband shall have visitation on alternate weekends as follows: Weekend #1, Saturday at 5:30 p.m. to Sunday at 7:00 p.m. and Weekend #2, Saturday at 5:30 p.m. to 9:30 p.m. In addition, the husband shall have visitation on every Thursday from 6:00 p.m. to 9:00 p.m.
3. ALL EXCHANGES regarding visitation shall take place at the South Norwalk Police station, or at such other neutral public location as the parties may agree, until further order of this court. CT Page 3235
 4. The parties shall divide the national holidays equally on an alternating basis. Commencing with the year 2002, the husband shall have visitation on Christmas Eve from 6:00 p.m. to 9:00 p.m. and the wife shall have Christmas day, and they shall alternate this holiday on the next and succeeding years during the minority of the children.
 5. Commencing July 2002, the husband shall have one full week visitation with the children during the summer recess, provided that he notifies the wife of his choice of week no later than May 15, 2002. Commencing in July 2004, the husband shall be entitled to two consecutive weeks, provided that he notifies the wife of his choice no later than May 15th of any given year.
 6. Neither party shall remove the children from the continental United States for residence purposes without the written permission of the other party or order of court. The husband is expressly prohibited from removing either or both children from the continental United States for any reason, including vacation, without the written authorization of the wife or order of court. The wife is expressly prohibited from removing the children from the continental United States for any reason, including vacation, for a period in excess of three consecutive weeks, without the written authorization of the husband or order of court. In addition, the wife shall not change the current residence of the children to a location more than twenty-five miles therefrom without a written agreement with the husband or further order of this court after a hearing. The wife shall give the husband a minimum of 90 days prior written notice of her intention to change the residence more than twenty-five miles.
7. The court reserves jurisdiction with regard to any issues that may arise regarding custody and CT Page 3236 visitation. The parties shall first bring any such dispute to Family Relations for mediation.