[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, David A. Dilts, has moved to modify the judgment of dissolution of marriage in this file to reduce the amount of life insurance which he is required to maintain for the benefit of his son Jacob. Jacob, age 14, is represented by counsel but was not involved in the argument of this motion. The defendant, Helayne Lightstone Scarfo, formerly Dilts, objects to the reduction in life insurance. She argues that 1) the insurance requirement is a property settlement which cannot be modified, and that 2) there has been no substantial change of circumstances which would justify a modification. The court disagrees with the defendant on the first point but agrees with her on the second point. For the reasons given below, this motion must be denied.
On July 26, 1991, the court dissolved the marriage of the parties and awarded them joint custody of Jacob. The separation agreement of the parties was incorporated by reference in the judgment. It provides that the plaintiff shall pay the defendant $762 per month as child support. Paragraph 8 of the agreement, titled "Life Insurance" provides that the plaintiff must maintain a life insurance policy in the amount of $230,000 naming Jacob as irrevocable beneficiary until he attains the age of 18 or until the age of 23 if he is attending a full-time post high school educational program.
In May 2002, the plaintiff learned that he has a malignant brain tumor. Although the plaintiff has undergone surgery and radiation treatment, the plaintiff's condition is terminal. He is unable to be employed. The parties stipulated that the plaintiff is unable to obtain any more life insurance to supplement the $230,000 policy which has been in existence since before the dissolution was contemplated. The plaintiff requests that the court modify the judgment by reducing the amount of life insurance for Jacob from $230,000 to $140,000. The plaintiff argues that the life insurance required in the judgment was designed to secure the payment of child support and college expenses. Only 4 years remain of the plaintiff's child support obligation. This obligation totals CT Page 12102 approximately $36,500. The plaintiff argues that Jacob will need $100,000 to cover his college expenses. Therefore, he requests that he be permitted to reduce his life insurance obligation to Jacob to $140,000 so that he can name his present wife as beneficiary of the remaining $90,000 of coverage. This would enable his present wife to cover the anticipated cost for pallative care (both medical expense and lost income) and for the final burial arrangements.
The court concludes that the insurance policy was intended as security for the child support payments and Jacob's college expenses. The testimony of Eliot Nerenberg, the plaintiff's attorney at the time of the dissolution, was convincing that the plaintiff offered to keep the $230,000 policy in effect for the benefit of the minor child because he and Mr. Nerenberg estimated that this sum would approximate the entire child support obligation plus $100,000 for college. An analysis of the structure of the agreement does not change the reasonable conclusion that the life insurance was intended as security, and not as part of the property settlement. Therefore, the life insurance obligation can be modified upon a showing of a substantial change of circumstances.
The plaintiff has the burden of clearly and definitely demonstrating a substantial change in the circumstances of either of the parties. Richardv. Richard, 23 Conn. App. 58, 62 (1990). The plaintiff has failed to make this showing. He argues that the discovery of his brain tumor results in his inability to obtain additional life insurance, and that this represents a substantial change in circumstances. But, there was no evidence presented at the hearing that the plaintiff was insurable at the time of the dissolution. He may have been uninsurable at that time for reasons unrelated to the brain tumor. The court is unable to simply assume that the plaintiff would have qualified for life insurance at the time of the dissolution. See, Michel v. Michel, 31 Conn. App. 338, 341
(1993). Therefore, the plaintiff has failed to prove that there has been, in fact, a change in circumstances.
Furthermore, the plaintiff failed to prove that the $230,000 was no longer necessary to secure the remaining child support and the cost of college for Jacob. $230,000 was a reasonable estimate in 1991: $130,000 for 15 years of child support, and $100,000 for 4 years of college. Over the years, the child support obligation has decreased, but the costs of college have steadily increased.[1] The court takes judicial notice of the fact that many competitive colleges now cost in excess of $35,000 per year and that yearly increases in excess of the rate of inflation are standard. It is not possible to accurately predict the cost of college for Jacob in 5, 6, 7, or 8 years. It is not unreasonable to estimate that the total cost of four years of college for Jacob would approach CT Page 12103 $200,000. Therefore, there has been no change in circumstances related to Jacob's need for the protection of the full $230,000. It would not be fair or equitable to Jacob to reduce the plaintiff's obligation to provide the security of the full $230,000 of life insurance for his benefit.
The plaintiff's motion to modify is denied.