## MAUREEN MERRITT *v.* MERRITT R. MERRITT (2525)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued June 6—decision released August 14, 1984

*Murray J. Kessler,* for the appellant (defendant).

*Diane M. Ventura,* with whom, on the brief, was *Susan J. Poll,* for the appellee (plaintiff).

DANNEHY, C.P.J. The defendant appealed from the judgment rendered in the dissolution of marriage action brought by the plaintiff as it relates to alimony and attorney's fees. No objection was made to the finding that the marriage should be dissolved, or to the order awarding legal custody of a minor child to both parents and providing for visitation and support. The parties conceded in oral argument that alimony and the division of marital assets were the only issues contested

at trial. A judgment was rendered on the complaint[1] dissolving the marriage, giving the parties joint legal custody of a minor child who would continue to reside with the plaintiff, giving the defendant liberal visitation rights, ordering him to pay $75 weekly for the support of the child, ordering the plaintiff to convey all of her interest in the marital residence to the defendant, and ordering the defendant to pay lump sum alimony of $100,000 and attorney's fees of $2000 to the plaintiff within ninety days of the judgment. The defendant was released from all claims the plaintiff might have with respect to his business and real estate at 13 Maple Avenue in Danbury. From the judgment making these awards, the defendant appeals. He argues that the award of alimony is excessive and unduly burdensome. He also argues that the order for payment of attorney's fees is not justified by the plaintiff's financial position. The third issue raised concerns whether the trial court erred in proceeding with trial while the defendant's attorney was on vacation and while the attorney present was not familiar with the file.

The trial judge made detailed findings of fact, organized according to the factors listed in General Statutes §§ 46b-81 (c) and 46b-82, in which he discussed at length the testimony and his analysis of the trial. The unique opportunity which the trial judge had to observe and appraise both parties is particularly important in a case of this kind. *Lupien* v. *Lupien,* 192 Conn. 443, 445, 472 A.2d 18 (1984).

The pertinent parts of the record on appeal indicate that the parties were married in 1956 and had five children during the marriage, two of whom were minors at the time of the dissolution action: Mark, born August

---

[1] The defendant filed an answer admitting all of the allegations of the complaint and containing a cross complaint for dissolution of the marriage on the grounds of irretrievable breakdown and intolerable cruelty. From all that appears, the cross complaint was dismissed.

5, 1965, and Melissa, born September 30, 1970. The parties had separated in September, 1981, and the plaintiff filed for dissolution of marriage in July, 1982. The plaintiff finished her formal education in the eleventh grade. Her employability is limited. She works as a private duty nurse's aide, earning $290 weekly, with a take-home pay greatly reduced by deductions for taxes, social security and medical insurance. She has applied for employment as a nurse's aid in the Danbury Hospital. Her basic weekly salary there would be approximately $100 less weekly, but would provide security and certain benefits unavailable in her present employment. By the terms of the judgment she received a piano and a 1972 motor vehicle and was ordered to convey to the defendant the marital homestead valued at $75,000 and encumbered by a mortgage debt of less than $3000. The defendant also received all of the parties' household goods and furnishings and a 1977 motor vehicle.

The record as to the defendant's situation disclosed that he graduated from college with a degree in engineering. He owns and operates a feed business in Danbury. The trial court placed a value of $120,000 on this business and on the real estate on which it is conducted. His financial affidavit showed a gross salary of $187.30 weekly. After considering the testimony of the defendant's income, the trial court found it to be obvious that his actual income exceeded that shown on his financial affidavit by far. By order of the court, the defendant received the feed business and the real estate it occupies released from any claims the plaintiff might have against the real estate or the assets of the business.

In his principal challenge to the trial court's award of alimony, the defendant contends that the trial court abused its discretion in awarding lump sum alimony in the amount of $100,000 to be paid within ninety days. We disagree.

The trial judge made detailed findings on each factor listed in General Statutes §§ 46b-81 and 46b-82. It is well settled that a judgment awarding alimony which is supported by findings necessary to sustain it will not be set aside unless those findings are clearly erroneous. See *Barnes* v. *Barnes,* 190 Conn. 491, 460 A.2d 1302 (1983); *Kaplan* v. *Kaplan,* 186 Conn. 387, 441 A.2d 629 (1982).

The circumstances here called not only for the exercise of sound discretion but also for some creativity in arriving at a fair and reasonable financial settlement. The record plainly indicates that the trial judge carefully considered all the mandatory and discretionary factors, and there is ample evidence to support his extended findings. There is no evidence that the trial judge considered any impermissible factors in deciding to award lump sum alimony of $100,000 payable within ninety days to the plaintiff.

The defendant also argues that the trial court erred in awarding attorney's fees to the plaintiff. The statutory authority for such an award is found at General Statutes § 46b-62. The order for payment of attorney's fees under General Statutes § 46b-62 requires consideration of the financial resources of both parties and the criteria set forth in General Statutes § 46b-82. *Burton* v. *Burton,* 189 Conn. 129, 141–42, 454 A.2d 1282 (1983). This latter statute lists the criteria to be considered by the court in awarding alimony.

The defendant's contention is that by reason of the award of lump sum alimony in the amount of $100,000, the plaintiff has ample liquid funds with which to pay her attorney's fees. See *Koizim* v. *Koizim,* 181 Conn. 492, 500–501, 435 A.2d 1030 (1980). The availability of cash as a result of other financial orders in the case is not an absolute standard for denying an award of attorney's fees. Otherwise, it might undermine the pur-

pose in making the other financial awards. *Anderson* v. *Anderson,* 191 Conn. 46, 59, 463 A.2d 578 (1983); *Howat* v. *Howat,* 1 Conn. App. 400, 408, 472 A.2d 799 (1984). Under the circumstances of this case, there was no abuse of discretion in ordering the payment of the plaintiff's attorney's fees.

We pause briefly at the claim that the trial court erred in proceeding to trial when the defendant's attorney was on vacation and while the attorney present was not familiar with the file.[2] It suffices to say that a trial judge need not look too kindly upon failure to appear for a scheduled trial. *Thode* v. *Thode,* 190 Conn. 694, 697, 462 A.2d 4 (1983). Here, at the time originally set for trial, the case was continued because counsel for the defendant was hospitalized. The parties were advised at that time that the case would go forward when it was next assigned "no matter what." The plaintiff and her attorney were present on the day assigned for trial. The attorney who signed the answer and cross complaint appeared with the defendant. Whether to postpone the commencement of the trial again while counsel was on holiday was a matter for the sound discretion of the trial judge. The record does not disclose actual prejudice to the plaintiff, nor is there anything to indicate hardship. Clearly, in these circumstances, there was no abuse of discretion.

There is no error.

In this opinion the other judges concurred.

---

[2] There is some question whether this issue was sufficiently preserved for our review. Neither the transcript nor the record indicate that a motion for continuance was made. Rather, counsel appearing with the defendant reported to the court that he was not familiar with the file and that the defendant's counsel was on vacation. We have, nevertheless, reviewed the record upon this issue to determine whether the trial court's decision to proceed with trial as scheduled was an abuse of discretion.