JAMES A. DAMON *v.* CAROLE COX DAMON
(8635)

DUPONT, C. J., SPALLONE and NORCOTT, Js.

---

Argued June 6—decision released September 4, 1990

*Gary I. Cohen,* with whom was *Sarah D. Eldrich,* for the appellant (plaintiff).

*James Wu,* with whom was *Amy B. Levy,* for the appellee (defendant).

DUPONT, C. J. In this dissolution action, the plaintiff claims that the judgment is flawed because the trial court (1) abused its discretion by considering only fault in the property distribution and by ordering the plaintiff to pay the counsel fees of the defendant wife, (2) assumed facts not in evidence, (3) allegedly delegated its responsibility to distribute personal property, and (4) provided for an automatic future modification of its judgment.

The court, in its memorandum of decision, stated that it had considered all of the factors enumerated in Gen-

eral Statutes §§ 46b-81 (c) and 46b-82 in making its award. It then made "special mention" of the cause of the dissolution, namely, the plaintiff's extramarital affairs, of which the defendant had been unaware until shortly before the separation of the parties. The transcript and the memorandum of decision very clearly indicate that the court considered all of the statutory factors, and that there was no abuse of discretion in the judgment, as to either the distribution of assets or the payment of the defendant's counsel fees.

The parties married when they were teenagers and had been married for more than thirty-four years at the time of the dissolution. They had seven children in a period of nine years. At the time of trial, the plaintiff was fifty-three years of age, and the defendant was fifty-two. The plaintiff has a college education, and the defendant has a high school education. The plaintiff's salary was twice that of the defendant. The primary asset of the parties was their home, which was acquired by using the proceeds from the sales of previous homes. Their first home had been purchased with a down payment supplied by the defendant's mother. The equity in those prior homes, at the time of their sales, and the fair market value of and equity in the present marital home were largely due to appreciation in real estate values.

The court awarded the contents of the home and the home, subject to the existing mortgage, to the defendant. The other orders basically track the ownership of each particular asset or the source of the liability. The defendant was also awarded $200 per week as periodic alimony until her death or remarriage, and $7500 as counsel fees. Although the assets awarded to the defendant equaled more than 85 percent of the total marital assets, that is not a per se abuse of discretion.

*Sweet* v. *Sweet,* 190 Conn. 657, 664, 462 A.2d 1031 (1983). This order and the other orders were consonant with the court's vast discretion.

The plaintiff argues that the order to transfer title of the family home to the defendant was premised on evidence not before the court. Specifically, he claims that the court orally articulated its reasons for the order by stating it did not want to force a sale in a depressed market, and that such a statement was not grounded on any evidence. The transcript reveals, however, that the court's decision was primarily influenced by the tax consequences of the award and not by the condition of the real estate market. A court may consider the tax consequences of its orders in dissolution actions. *Powers* v. *Powers,* 186 Conn. 8, 10, 438 A.2d 846 (1982).

The plaintiff complains that the judgment, providing that the contents of the home "shall become the sole property of the defendant unless within one month of the date of the Judgment the parties agree on a division of said contents between themselves," is an improper delegation of the court's power to make the distribution. The essential meaning of these words is that the defendant would be the owner of the personalty unless she chose to give the plaintiff some of it. The court did not, therefore, delegate its authority to distribute assets.

The last claim of the plaintiff is that the court made impermissible future orders concerning medical insurance. The court ordered the defendant to pay for medical insurance for the plaintiff until he enrolled in his employer's plan. It further ordered that "if, at any time during the period when the periodic alimony is payable, the defendant's employer shall no longer provide her with medical coverage, whether because of termination of employment or otherwise, the plaintiff shall provide a comparable coverage for the defendant, provided

such coverage is available as an incident of his employment or former employment." An order to provide medical coverage for the duration of the time that periodic alimony is due is no more a future order than the order of the periodic alimony itself; see *Costa* v. *Costa,* 11 Conn. App. 74, 77, 526 A.2d 4 (1987); and is as modifiable as the award of the periodic alimony.

The judgment is affirmed.

In this opinion the other judges concurred.