## DANIEL F. LAKE *v.* ROSE MARIE LAKE
### (AC 16732)

Spear, Hennessy and Sullivan, Js.

Argued February 24—officially released June 16, 1998

*C. Michael Budlong*, with whom was *Campbell D. Barrett*, for the appellant (plaintiff).

*Lisa A. Faccadio*, with whom, on the brief, was *Christine S. Dorsey*, for the appellee (defendant).

*Opinion*

HENNESSY, J. The plaintiff, Daniel F. Lake, appeals from the judgment of the trial court dissolving his marriage to the defendant, Rose Marie Lake. He claims that the trial court improperly ordered him to obtain and to maintain life and medical insurance for the benefit of the defendant as part of the judgment of dissolution. We agree and reverse the judgment of the trial court in part.

I

The plaintiff first claims that the trial court did not have sufficient evidence before it regarding the cost and availability of life insurance and, therefore, in accordance with our holding in *Michel* v. *Michel*, 31 Conn. App. 338, 624 A.2d 914 (1993), the court abused its discretion in rendering an order that the plaintiff insure his life for the benefit of the defendant. In response, the defendant contends that General Statutes § 46b-82 allows the court to order either party to maintain life insurance for the benefit of the other in order to secure an award of alimony. In support of her argument, the defendant cites *Papageorge* v. *Papageorge*, 12 Conn. App. 596, 598, 533 A.2d 229 (1987), for the proposition that if there is a life insurance policy in effect at the time that dissolution orders are set forth, the court, as a matter of law, has sufficient information before it to order that the plaintiff obtain and maintain a life insurance policy on himself for the defendant's benefit.

Here, the trial court ordered the plaintiff to maintain life insurance in an amount of no less than $100,000, naming the defendant as the irrevocable beneficiary. The plaintiff's financial affidavit reflected that he had one life insurance policy in the face amount of $80,000. At the time of the dissolution, however, pursuant to the order of the court, he was required to liquidate the cash value of this policy and pay one half of the policy's value to the defendant's counsel.

Our standard of review is well settled. "We review financial awards in dissolution actions under an abuse of discretion standard. *Rostain* v. *Rostain*, 214 Conn. 713, 715–16, 573 A.2d 710 (1990)." *Puris* v. *Puris*, 30 Conn. App. 443, 449, 620 A.2d 829 (1993). "In order to conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did. *Beede* v. *Beede*, 186 Conn. 191, 194, 440 A.2d 283 (1982)." *Sweet* v. *Sweet*, 190 Conn. 657, 664, 462 A.2d 1031 (1983).

The pivotal issue in this appeal is whether the court had sufficient evidence before it regarding the cost and the availability of the life insurance that it ordered the plaintiff to obtain and to maintain for the defendant's benefit. We conclude that the resolution of this issue is controlled by *Michel* v. *Michel*, supra, 31 Conn. App. 338. In *Michel*, we held that "the trial court, in its commendable desire to ensure that funds would be available for the support of the defendant . . . attempted to make a fund available for that purpose through the vehicle of life insurance. Such an order is very often an appropriate and necessary component of a judgment of dissolution of marriage. Indeed, orders requiring the maintenance of life insurance have been approved on numerous occasions by our courts. See *Leo* v. *Leo*, 197 Conn. 1, 495 A.2d 704 (1985); *Wolk* v. *Wolk*, 191 Conn. 328, 464 A.2d 780 (1983); *Broaca* v. *Broaca*, 181 Conn. 463, 435 A.2d 1016 (1980); *Mauro* v. *Mauro*, 16 Conn.

App. 680, 548 A.2d 471 (1988); *Papageorge* v. *Papageorge*, [supra, 12 Conn. App. 533]. In each of these cases, however, it is important to note that the life insurance policy was in existence at the time of the judgment. The trial court in each of these cases, therefore, had available to it all of the information necessary to craft an appropriate order regarding such insurance. . . . Without knowing the availability of such insurance, the trial court has entered an order with which the plaintiff may not be able to comply. . . . Under these circumstances, we must conclude that the court's order regarding life insurance lacks a reasonable basis in the facts." *Michel* v. *Michel*, supra, 340–41; see also *Wolf* v. *Wolf*, 39 Conn. App. 162, 171–72, 664 A.2d 315 (1995).

In the present case, there was no evidence before the trial court regarding the cost to the plaintiff of obtaining and maintaining life insurance in the amount of $100,000, or whether such insurance is available to the plaintiff. Pursuant to our decision in *Michel*, this evidence was requisite to the trial court's determination that the plaintiff obtain and maintain a life insurance policy.

## II

The plaintiff's second claim is that the trial court improperly ordered that he maintain medical insurance for the benefit of the defendant as long as the plaintiff is obligated to pay alimony.[1] We agree.

---

[1] The court order provides: "The plaintiff shall pay to the defendant as alimony $650 per week, terminable upon the death of either party or the defendant's remarriage. As additional alimony, subject to the same contingencies, the plaintiff shall maintain medical insurance for the benefit of the defendant for so long as he is obligated to pay alimony. As part of this order, the plaintiff is ordered to arrange for and pay for the defendant's COBRA benefits for so long as she is entitled under the law. When COBRA benefits cease, the plaintiff also as alimony, subject to the same contingencies, shall pay two thirds of the cost of the insurance policy and the defendant shall pay the balance."

The trial court had the testimony of both the plaintiff and the defendant along with their respective financial affidavits before it for consideration. The extent of the evidence that was proffered regarding medical insurance was limited to the defendant's testimony that she had recently "gone through some [medical] exams" and "everything came back negative."

There was no evidence of the availability of medical insurance or its cost. Therefore, the evidence before the court did not allow it to evaluate the ability of the plaintiff to comply with the order to obtain and to maintain medical insurance for the defendant. On April 17, 1997, the plaintiff filed a motion for articulation requesting, inter alia, that the trial court articulate its basis for the order of medical insurance. This motion was denied by the trial court and the plaintiff filed a motion for review with this court. We granted review but denied the relief that was requested by the plaintiff.

The defendant relies on *Damon v. Damon*, 23 Conn. App. 111, 114, 579 A.2d 124 (1990), wherein this court upheld a trial court order that the husband provide lifetime alimony and lifetime maintenance of medical insurance for his wife. In *Damon*, this court made no mention of the availability, cost or insurability as prerequisites for an order requiring the maintenance of medical insurance. The defendant contends that *Damon* supports the proposition that no such prerequisites are required here. We disagree.

The facts in *Damon* differ from those in the present case in that, in *Damon*, the order to maintain medical insurance was conditioned on the medical coverage being "available as an incident of his employment or former employment." Id., 114–15. In the present case, there exists an obligation both to seek out and to maintain medical insurance after the cessation of benefits,

irrespective of its availability. We conclude that the trial court could not reasonably find as it did.

In an alternative argument, the defendant contends that, in any event, the award should be upheld because, as part of an alimony order, the order to maintain medical insurance can be modified if it is unavailable or too costly. This argument does not persuade us. The issue here is not whether the order is modifiable but whether the court had a sufficient evidentiary basis for issuing the order. There was no evidence regarding cost or availability of medical insurance before the court on which it could base its order and evaluate the effect of this order on the remaining financial orders. Accordingly, we do not agree that an improper order is insulated from reversal simply because the plaintiff may, in an endeavor to correct the order, argue changed circumstances.

"Because the financial orders in an action for dissolution of marriage are of necessity interwoven and because the rendering of a judgment in an action for the dissolution of marriage is 'a carefully crafted mosaic'; *Ehrenkranz* v. *Ehrenkranz*, 2 Conn. App. 416, 424, 479 A.2d 826 (1984); we must remand the case to the trial court for a new trial on all financial matters. *Mulholland* v. *Mulholland*, 26 Conn. App. 585, 590, 602 A.2d 1054 (1992)." *Michel* v. *Michel*, supra, 31 Conn. App. 341.

The judgment is reversed as to the financial orders and the case is remanded for a new hearing on all financial issues.

In this opinion the other judges concurred.