[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de 1. PLANTIFF MOTION FOR CLARIFICATION AND ARTICULATION (#131) AND 2. DEFENDANT'S MOTION FOR ARTICULATION (#133)
PLAINTIFF'S MOTION:
1. The plaintiff asserts that both the plaintiff and the defendant made claims on the issue of medical and dental insurance, citing plaintiff's post trial memorandum and defendant's claims for relief Neither the plaintiff's post trial memorandum nor the defendant's claims for relief is evidence. The court determined there was insufficient evidence on which to base an order. Lake v. Lake, 49 Conn. App. 89
2. See #8 de defendant's motion, infra.
3. The defendant was allowed to retain the eight life insurance police, listed in his name. No conditions were ordered.
4. The court found the plaintiff to be the owner and insured of a single premium policy for $10,000. Doesn't this policy stand in the plaintiff's name? CT Page 10297
5. The court cannot now deal with omitted debts.
DEFENDANT'S MOTION:
1. The exemptions are to be determined by reference to the I.R.C.
2. The order is clear as written.
3. The memorandum cannot be augmented by additional findings via a motion for articulation.
4. The memorandum speaks for itself. There is no omission.
5. The court cannot add findings in response to a motion for articulation. A reference "the evidence showed" is of no help. Plaintiff's Exhibit #9 speaks for itself as a full exhibit.
6. and 7. The court left the parties where it found them. No inadvertent omission occurred.
8. The court ordered the defendant's proposal for visitation as spelled out as #2 on his claims for relief, a copy of which is attached and designated Appendix A.
HARRIGAN, J.