[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CORRECTED MEMORANDUM OF DECISION
The plaintiff wife, 53, whose birth name is Carde, and the CT Page 11104 defendant husband married on March 13, 1977 in Bridgeport, Connecticut. The allegations of the complaint are found proven by the evidence. Judgment of legal separation is entered, the parties having filed a written stipulation that their marriage has broken down irretrievably. The stipulation also contained the parties' agreement that the fair market value of a jointly owned building lot located in Puerto Rico is $35,800.
The main issue in this case is the plaintiff's health and her ability to work. The defendant's expert witness, Ralph Welsh, M.D., examined the plaintiff and his report is Defendant's Exhibit A. He found that plaintiff had limited intelligence, a continuing major depressive disorder and evidence of a long-term learning disturbance. The plaintiff also has Lyme disease but the witness was not an expert on organic disorders and was unable to consider the impact of her physical condition on her ability to work. The witness concluded that the plaintiff will be able to handle only rather simple, non-demanding employment. The plaintiff has not worked since July, 1994. Not mentioned by Dr. Welsh is the plaintiff's second physical disease, lupus, for which she takes Tylenol.
The plaintiff's treating psychiatrist, Dr. Leon Tec, has been seeing the plaintiff since 1993. His diagnosis of the plaintiff is that she suffers from depression and high anxiety as well as lupus and Lyme disease. He is of the opinion that she is not able to engage in gainful employment at the present time and could not predict when she would be able to. He hoped she could resume working in September of this year.
The court concludes that the plaintiff is unable to engage in gainful employment at the present time.
There have been several episodes of physical abuse inflicted on the plaintiff by the defendant. The defendant did not include the plaintiff in his various social activities, leaving her home alone. The court concludes that the defendant's behavior was a major cause of the marriage breakdown. The plaintiff interfered with the defendant's children of a prior marriage, by changing the home telephone number. She also accused him of infidelity but no evidence was provided to corroborate. The plaintiff must also bear some of the responsibility for the marriage breakdown.
The parties separated in late May, 1996. CT Page 11105
The defendant retired from Clairol in 1994. He presently lists a gross weekly retirement payment of $268.15 and $209.15 net after taxes. He returned to work for Olsten Staffing Services earning $565.60 weekly gross wage and $429.60 after taxes. He has been assigned to work at Clairol. His assets consist of $24,000 on deposit at Chase Manhattan, 400 shares of Bristol Myers Squibb valued by the defendant at $38,533.31. U.S. Savings Bonds valued at $3,500, the building lot 50% interest, a 1986 Plymouth for $500 and household furniture valued at $3,000. No value is assigned to his pension.
No evidence was introduced by either party concerning the particulars of the defendant's retirement including his pension. Since the plaintiff will remain the legal wife of the defendant, the court assumes her spousal interest, whatever it may be, is unaffected. In any event, the court cannot entertain the plaintiff's request for a QDRO absent any evidence, cf. Lake v.Lake, 49 Conn. App. 89. The plaintiff also requests a life insurance policy be obtained by the defendant. The Lake case holding prevents the court from entertaining such request. The defendant does list a $6,000 term life insurance policy. The court elects to enter no order regarding it. The court also notes that the defendant's pension income stream was considered along with his employment earnings in arriving at a periodic alimony order.
The plaintiff has listed her 50% interest in the building lot and furniture valued at $1,000 as her only assets.
The court has considered the evidence in light of §46b-81 and § 46b-82 in formulating the following judgment.
1. A decree of legal separation is entered.
2. The defendant shall pay $200 weekly to the plaintiff, as periodic alimony until the death of either party, the remarriage of the plaintiff, or future court order. The provisions of § 46b-86, apply to this order. A contingent wage withholding is ordered.
3. The current medical insurance covering both parties shall remain in effect.
4. The plaintiff is ordered to transfer her 50% interest in the Puerto Rico building lot to the defendant. The defendant shall furnish the CT Page 11106 deed and pay any charges levied on either party due to the transfer and recording.
5. The defendant shall transfer to the plaintiff $200 shares of Bristol Myers Squibb stock, the order being intended to divide the shares into equal portions.
6. The plaintiff is awarded 50% of the defendant's Chase Manhattan Bank account, the order being intended to provide the plaintiff with approximately $12,000.
7. Each party shall continue to own their respective remaining assets not mentioned in the foregoing orders.
8. Each party shall continue to be responsible for their debts as listed on their respective financial affidavits.
9. Any balance due on the pendente alimony order shall be paid within ten days of date hereof.
Counsel for the plaintiff shall draft the judgment file.
HARRIGAN, J.