## MARY CLARK *v.* RICHARD CLARK
### (AC 19087)

Foti, Schaller and O'Connell, Js.

658

Argued May 31—officially released November 6, 2001

*Robert S. Kolesnik,* for the appellant (plaintiff).

*David J. Bozzuto,* with whom, on the brief, was *Elizabeth A. Bozzuto,* for the appellee (defendant).

*Opinion*

SCHALLER, J. This is an appeal from a postjudgment modification rendered in a dissolution of marriage action. The plaintiff, Mary Clark, appeals from the order of the trial court partially granting her motion for modification of the alimony order. The plaintiff claims on

appeal that the court improperly (1) determined that her alimony could not be modified on the basis of the "substantial change [of] circumstances" ground provided in General Statutes § 46b-86 (a), (2) excluded testimony regarding the grounds for the breakdown of the parties' marriage, (3) found that at the time of the dissolution, the parties had anticipated and acknowledged that she had a chronic health problem that in time might adversely affect her ability to earn the income that she was receiving at the time of the dissolution, and (4) ordered that the defendant's alimony obligation would terminate once she reaches sixty-two years of age. We affirm the order of the trial court modifying the judgment.

The following facts and procedural history are relevant to our disposition of the plaintiff's appeal. The plaintiff and the defendant, Richard Clark, were married in Connecticut on May 28, 1966. The court dissolved their marriage on February 9, 1979, on the ground of irretrievable breakdown. The final dissolution decree incorporated the terms of a written stipulation concerning support, alimony, disposition of property, custody of the parties' two minor children and all other financial matters.[1] The stipulation provided, inter alia, that the defendant would pay the plaintiff alimony in the amount of $80 per week, that such payments would cease if she should remarry or cohabitate with a man to whom she is not married and that the alimony obligation would

[1] The judgment states in relevant part: "Custody of the minor children is awarded to the plaintiff with rights of reasonable visitation to the defendant, as more specifically set forth in the stipulation hereinafter mentioned.

"All matters pertaining to support, alimony, disposition of individually owned and jointly-owned property, personal as well as real estate, payment of existing obligations of the parties, insurance and all other financial matters including payment of counsel fees have been spelled out in a stipulation which was read into the record, approved orally by both parties, their counsel and the court, and has been found by the court to be fair and equitable under all of the circumstances."

be reduced to $1 per year upon the youngest child's reaching the age of eighteen.

Paragraph seven of the stipulation further states: "The plaintiff shall have the right to ask for an increase in the $1.00 per year alimony in the event she is unable to work because of ill health or if she loses her employment through no fault of her own and cannot find employment in a profession or any other job which would reasonably compensate her or if she secures employment for substantially less money than she is now making." Some time after the judgment of dissolution was rendered, the parties' youngest child attained the age of eighteen years, and the plaintiff's alimony payments were reduced to $1 per year pursuant to the stipulation.

By motion dated May 23, 1997, the plaintiff initiated the proceeding that is the subject of this appeal, requesting modification of the alimony award on the ground that she is unable to work because of ill health.[2] Following the modification hearing, the court made the following finding: "At the time of the dissolution, the parties, to their credit, anticipated and acknowledged the fact that the plaintiff had a chronic health problem which, in time, might adversely affect her ability to earn the income that she was receiving at the time of the dissolution. They expressly provided that if her health did someday prevent her from working, it would be the basis to revisit the alimony award." The court further found that "it is beyond the jurisdiction of this court

[2] The plaintiff's motion for modification states in relevant part: "The plaintiff in the above entitled action respectfully represents the following: 1. That the marriage of the parties was dissolved on February 9, 1979 . . . . 2. That the plaintiff was awarded One ($1.00) Dollar per year alimony and the right to request an increase in the $1.00 per year alimony in the event she is unable to work because of ill health. 3. That the plaintiff is unable to work because of ill health and the current alimony order should be modified accordingly. . . ."

to require the defendant, some twenty years after the judgment, to begin to provide health insurance or other benefits not included in the original judgment." Finally, the court found that the plaintiff's unpaid medical expenses that are related to her illness are "within the contemplation of the parties' agreement to modify the judgment."

The plaintiff was employed as a registered nurse from approximately 1963 to September 9, 1996. In 1996, the plaintiff's peak annual gross income from her primary employer was approximately $50,933, and she had a net income of approximately $37,168. She also worked part time at two schools. The plaintiff retired from her primary place of employment on September 9, 1996, and has not worked anywhere else since that date. As a result of that change in employment status, the plaintiff's income as of the time of the hearing on her motion for modification was $1216 per month in social security benefits and $1323.68 from a disability policy. The plaintiff also was entitled to $249 per month from an annuity policy. The court determined that the plaintiff's estimated income without the annuity was $30,480. The court further restated that diminution in income as a $6688 reduction in annual income, reducible to $3688 if she invaded her annuity at the rate of $250 per month. Additionally, the court noted in its memorandum of decision that as a result of her illness, the plaintiff had incurred added medical expenses that her insurance would not cover.

The court increased the alimony order from $1 per year to $9000 per year, payable at the rate of $750 per month, retroactive to the date of the filing of the motion.[3] The court specifically based its ruling solely

[3] The November 9, 1998 memorandum of decision regarding the plaintiff's motion for modification limited the revised payments until the first of (1) the death of either of the parties, (2) the remarriage of the plaintiff, (3) cohabitation by the plaintiff with an adult male or (4) the attainment by the plaintiff of the age of sixty-two.

on a ground contained in the stipulation.[4] Additional facts will be set forth as necessary.

## I

The plaintiff first claims that the court improperly determined that the her alimony could not be modified on the basis of the "substantial change [of] circumstances" ground provided in § 46b-86. We are not persuaded.

"Before addressing any of the [plaintiff's] claims, we note that our standard of review in domestic relations cases is limited. The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts." (Internal quotation marks omitted.) *Porter* v. *Porter*, 61 Conn. App. 791, 795, 769 A.2d 725 (2001).

"General Statutes § 46b-86 (a) provides in relevant part: *Unless and to the extent that the decree precludes modification*, any final order for the periodic payment of permanent alimony or support . . . may at any time thereafter be . . . modified by said court upon a showing of a substantial change in the circumstances of either party . . . ." (Emphasis in original; internal quotation marks omitted.) *Way* v. *Way*, 60 Conn. App. 189, 195, 758 A.2d 884, cert. denied, 255 Conn. 901, 762 A.2d 910 (2000). "The issue before us is whether the [plaintiff's] motion should have been considered pursuant to [General Statutes § 46b-86] or pursuant to

---

[4] In its memorandum of decision, the court held: "The judgment herein is to be modified, but not for 'change of circumstance' reasons. It is to be modified to take into account (1) the plaintiff's current health, (2) the extent to which the plaintiff has become unable to work due to health reasons . . . (3) the consequential diminution of the plaintiff's earning capacity, (4) the extent to which the plaintiff's finances have been adversely affected by such inability to work and (5) any consequential increases in her expenses attributable to her failing health."

the judgment." *DeMaria* v. *DeMaria*, 47 Conn. App. 729, 732, 707 A.2d 741 (1998), rev'd on other grounds, 247 Conn. 715, 724 A.2d 1088 (1999).

The plaintiff claims that § 46b-86 establishes the grounds for modification of alimony. Specifically, she argues that "[o]nce a trial court determines that there has been a substantial change in the financial circumstances of one of the parties, the same criteria that determines an initial award of alimony and support are relevant to the question of modification." *Hardisty* v. *Hardisty*, 183 Conn. 253, 258–59, 439 A.2d 307 (1981). The plaintiff argues that the parties essentially stipulated to what would constitute a change in the plaintiff's circumstances, thus triggering the application of the criteria set forth in General Statutes § 46b-82.[5] Among those criteria is that the court "shall consider . . . the causes for the . . . dissolution of the marriage . . . ." General Statutes § 46b-82. The plaintiff apparently believes that had the court considered that criterion, it would have further increased the alimony order.

The defendant argues that the court had no authority to modify the alimony award on the basis of the "substantial change of circumstances" ground provided in § 46b-86. Specifically, the defendant argues that the plaintiff failed to raise § 46b-86 (a) as a ground for modification and relied exclusively on one of the grounds in the parties' stipulation.[6]

---

[5] General Statutes § 46b-82 provides in relevant part: "In determining whether alimony shall be awarded, and the duration and amount of the award, the court . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

[6] We express no opinion as to whether the stipulation is an exclusive list of the grounds for modification of alimony.

"[General Statutes § 46b-86] is a separate and independent statutory basis for the modification of alimony and is a claim which must be raised in a written motion by the party seeking to modify the award of periodic alimony." (Internal quotation marks omitted.) *Mihalyak* v. *Mihalyak*, 30 Conn. App. 516, 520, 620 A.2d 1327 (1993).

The plaintiff did not seek to modify the alimony on the basis of § 46b-86 (a). Rather, she sought to modify the alimony solely on the basis of a provision in the decree. See id., 520–21. Specifically, the plaintiff alleged in her motion for modification of alimony, inter alia, that she had been "awarded One ($1.00) Dollar per year alimony and the right to request an increase in the $1.00 per year alimony in the event she is unable to work because of ill health," and that she was "unable to work because of ill health and the current alimony order should be modified accordingly."[7]

Under those circumstances, it is clear that the plaintiff was seeking relief exclusively under the terms of the stipulated judgment of dissolution and that the court correctly determined the basis for modification. The court did not abuse its discretion in holding that the provisions of § 46b-86 do not apply in this case.

## II

The plaintiff next claims that the court improperly excluded testimony regarding the grounds for the breakdown of the parties' marriage. We disagree.

We begin our analysis with a statement of the appropriate standard of review. "Our standard of review for evidentiary matters allows the trial court great leeway in deciding the admissibility of evidence. The trial court has wide discretion in its rulings on evidence and its rulings will be reversed only if the court has abused its

---

[7] See footnote 2.

discretion or an injustice appears to have been done." (Internal quotation marks omitted.) *Gilliard* v. *Van-Court Property Management Services, Ltd.,* 63 Conn. App. 637, 641, 777 A.2d 745 (2001).

" 'In general the same sorts of [criteria] are relevant in deciding whether the decree may be modified as are relevant in making the initial award of alimony.' " *Shearn* v. *Shearn,* 50 Conn. App. 225, 228, 717 A.2d 793 (1998). The court is not required, however, to consider all of the § 46b-82 criteria when modification of alimony is sought pursuant to a dissolution agreement. "While the court is directed to apply the criteria of General Statutes § 46b-82 at the time of the original decree or when modifying the decree because of a change of circumstances of the parties not contemplated when the marriage was dissolved . . . neither of these considerations were presented here." (Citation omitted.) *Sweeny* v. *Sweeny,* 9 Conn. App. 498, 502–503, 519 A.2d 1237 (1987).

"The agreement was ordered incorporated . . . into the dissolution decree. A judgment rendered in accordance with such a stipulation of the parties is to be regarded and construed as a contract." (Internal quotation marks omitted.) *Issler* v. *Issler,* 250 Conn. 226, 234–35, 737 A.2d 383 (1999); see also *Mihalyak* v. *Mihalyak,* supra, 30 Conn. App. 522 (judgment that incorporates separation agreement to be regarded as contract and construed pursuant to contract law); *Sweeny* v. *Sweeny,* supra, 9 Conn. App., 501–502 (same). Accordingly, in addressing the plaintiff's request for modification of alimony, the court properly considered the terms of the dissolution decree, which incorporated the agreement of the parties in the form of a stipulation. See *Mihalyak* v. *Mihalyak,* supra, 521.

"The ultimate issue for this court is whether the trial court, in construing the judgment as a contract, reason-

ably could have concluded as it did." (Internal quotation marks omitted.) Id., 522, citing *Pasquariello* v. *Pasquariello*, 168 Conn. 579, 584, 362 A.2d 835 (1975). "Accordingly, [o]ur resolution of the [plaintiff's] claim is guided by the general principles governing the construction of contracts. A contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction." (Internal quotation marks omitted.) *Issler* v. *Issler*, supra, 250 Conn. 235.

The trial court cited *Sweeny* with approval, noting that in that case the "trial court rejected the defendant's argument [that] the [term] 'adjustment' in . . . the separation agreement means that the court should conduct a full-scale review of the parties' current financial condition and employ all of the criteria of § 46b-82[8] to, in effect, reset the alimony." We agree with the defendant that a full review of all of the § 46b-82 criteria was not required in this modification. "Every reasonable presumption will be made in favor of the court's proper exercise of discretion." *Meehan* v. *Meehan*, 40 Conn. App. 107, 111, 669 A.2d 616, cert. denied, 236 Conn. 915, 673 A.2d 1142 (1996).

In its memorandum of decision, the court held: "The judgment herein is to be modified, but not for 'change of circumstance' reasons. It is to be modified to take into account (1) the plaintiff's current health, (2) the extent to which the plaintiff has become unable to work due to health reasons . . . (3) the consequential diminution of the plaintiff's earning capacity, (4) the extent to which the plaintiff's finances have been adversely affected by such inability to work and (5) any consequential increases in her expenses attributable to her failing health."

---

[8] See footnote 5.

We conclude that the court reasonably limited the evidence to that which was necessary to establish the impact that the plaintiff's illness had on her income and her resulting unpaid medical expenses. Therefore, the court did not abuse its discretion in refusing to hear evidence on all of the criteria enumerated in § 46b-82.

III

The plaintiff also contends that the court improperly found that "[a]t the time of the dissolution, the parties . . . anticipated and acknowledged the fact that the plaintiff had a chronic health problem which, in time, might adversely affect her ability to earn the income that she was receiving at the time of the dissolution." We decline to review the plaintiff's claim.

"In order to conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did." (Internal quotation marks omitted.) *Lake* v. *Lake*, 49 Conn. App. 89, 91, 712 A.2d 989, cert. denied, 246 Conn. 902, 719 A.2d 1166 (1998). We note, however, that "[i]t is a well established principle of appellate procedure that the appellant has the duty of providing this court with a record adequate to afford review. Practice Book § 61-10 . . . ." (Citations omitted; internal quotation marks omitted.) *Porter* v. *Porter*, supra, 61 Conn. App. 801.

"Where the factual or legal basis of the trial court's ruling is unclear, the appellant should seek articulation pursuant to Practice Book § [66-5]." (Internal quotation marks omitted.) *Porter* v. *Porter*, supra, 61 Conn. App. 801. "Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting the [plaintiff's] claim would be entirely speculative." (Internal quotation marks omitted.) Id.

The plaintiff argues that she denied any chronic illness at the time of the dissolution, and that there is no evidentiary basis for this finding of fact. As the defendant correctly notes in response, "[i]t is the sole province of the trial court to weigh and interpret the evidence before it and to pass upon the credibility of witnesses." (Internal quotation marks omitted.) *Leo* v. *Leo*, 197 Conn. 1, 4, 495 A.2d 704 (1985). In finding that the parties had anticipated and acknowledged the fact that the plaintiff had a chronic health problem, the court failed to state the basis of that factual determination. "Because the [plaintiff] did not seek an articulation on this matter, we do not have a record adequate to review the court's finding." *Porter* v. *Porter*, supra, 61 Conn. App. 802. Therefore, we decline to review the plaintiff's claim.

## IV

The plaintiff claims finally that the court improperly ordered that the defendant's alimony obligation would terminate once the plaintiff reaches sixty-two years of age.

"In order to conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did." (Internal quotation marks omitted.) Id., 797, quoting *Lake* v. *Lake*, supra, 49 Conn. App. 91.

"[T]ime limited alimony award generally is for rehabilitative purposes, but other reasons may also support this type of alimony award. Another reason is to provide support for a spouse until some future event occurs that renders such support less necessary or unnecessary." *Mathis* v. *Mathis*, 30 Conn. App. 292, 294, 620 A.2d 174 (1993). "Although a specific finding for an award of time limited alimony is not required, the record must indicate the basis for the trial court's award." (Internal

quotation marks omitted.) Id., 293. The policy for allowing time limited alimony at the dissolution stage also applies at the modification stage. See *Glinski* v. *Glinski*, 26 Conn. App. 617, 602 A.2d 1070 (1992) (court at modification hearing adjusted time limited alimony). Here, the court heard evidence regarding the plaintiff's income in 1996 as well as several projections of her future disability income if she activated her annuity and pension plan.[9] We conclude that the court did not abuse its discretion when it imposed a time limit on the defendant's alimony payments.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[9] Moreover, we note that such a time limit on alimony is not permanent. "The trial court does retain continuing jurisdiction to modify or terminate alimony and child support orders, unless the orders are based on a stipulated agreement that expressly bars future modification. General Statutes 46b-86; *Barnard* v. *Barnard*, 214 Conn. 99, 114, 570 A.2d 690 (1990)." *Passamano* v. *Passamano*, 228 Conn. 85, 88–89 n.4, 634 A.2d 891 (1993).