## GUY S. LAMACCHIA *v.* MAGDALENA CHILINSKY
### (AC 23610)

Foti, Schaller and McLachlan, Js.

Argued June 4—officially released September 9, 2003

*Guy S. Lamacchia*, pro se, the appellant (plaintiff).

*Carole D. Brown*, for the appellee (defendant).

*Opinion*

SCHALLER, J. In this action for dissolution of marriage, the plaintiff, Guy S. Lamacchia, appeals from the judgment of the trial court, challenging the allocation of present and future guardian ad litem fees to be paid 80 percent by the plaintiff and 20 percent by the defendant, Magdalena Chilinsky. On appeal, the plaintiff claims that the court abused its discretion in ordering payment of present and future fees. We affirm in part and reverse in part the judgment of the trial court.

The following facts and procedural history are necessary to our resolution of the plaintiff's appeal. The parties were married on June 20, 1994. The parties had two children born of the marriage. On September 13, 2000, the plaintiff commenced a dissolution of marriage action. On December 3, 2001, the defendant filed a motion for the appointment of a guardian ad litem to represent the best interests of the parties' two children during the proceedings.[1] At the time that the motion

---

[1] "The appointment of a guardian ad litem is neither required nor specifically authorized in chapter 815j of the General Statutes, which governs [dissolution of marriage actions]. See generally General Statutes §§ 46b-40 through 46b-87a. The appointment of a guardian ad litem is authorized, however, pursuant to General Statutes § 45a-132 (a), which provides that the court may appoint a guardian ad litem for a minor or incompetent '[i]n any proceeding before a court of probate or the Superior Court including the Family Support Magistrate Division . . . .' The appointment of a guardian ad

was filed, the parties' children were seven years of age and three years of age. The defendant also requested that the court consider the respective financial conditions of the parties in connection with ordering payment of the guardian ad litem's fees. The court appointed a guardian ad litem on January 3, 2002, and stated that it would subsequently determine the payment of fees for the guardian ad litem's services.

On July 23, 2002, the guardian ad litem submitted a motion for a determination of payment of reasonable fees in the amount of $7450.01. A hearing on the guardian ad litem fees was held on October 8, 2002, at which time the court heard testimony from both of the parties regarding their respective financial circumstances. At the conclusion of that hearing, the court found that the request for guardian ad litem's fees in the amount of $7450.01 was reasonable. The court ordered the plaintiff to pay $5960.01 of those fees and ordered the defendant to pay the remaining $1490 of the fees. The court also ordered that any future fees for the guardian ad litem were to be paid in a ratio of 80 percent by the plaintiff and 20 percent by the defendant.

On October 11, 2002, the plaintiff filed a motion to reargue the order of the court with respect to the division of the payment responsibilities for the guardian ad litem's fees. The court denied that motion on October 15, 2002. This appeal followed.[2]

We begin by setting forth our standard of review. "The court may order either party to pay the fees for [a] guardian ad litem pursuant to General Statutes § 46b-62, and how such expenses will be paid is within the

litem lies within the discretion of the trial court. General Statutes § 45a-132 (b)." *Schult* v. *Schult*, 241 Conn. 767, 778–79, 699 A.2d 134 (1997).

[2] The plaintiff, by way of this appeal, challenges only the allocation of payment of the guardian ad litem's fees, not the reasonableness of those fees. We confine our analysis accordingly.

court's discretion." *Ruggiero* v. *Ruggiero*, 76 Conn. App. 338, 347–48, 819 A.2d 864 (2003). "An abuse of discretion in granting [guardian ad litem] fees will be found only if [an appellate court] determines that the trial court could not reasonably have concluded as it did." (Internal quotation marks omitted.) *Sachs* v. *Sachs*, 60 Conn. App. 337, 347–48, 759 A.2d 510 (2000). "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding on this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence in the record to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Prial* v. *Prial*, 67 Conn. App. 7, 9–10, 787 A.2d 50 (2001). Therefore, "to conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did." (Internal quotation marks omitted.) *Clark* v. *Clark*, 66 Conn. App. 657, 668, 785 A.2d 1162, cert. denied, 259 Conn. 901, 789 A.2d 990 (2001).

The statutory authority for the award of fees for a court-appointed guardian ad litem is found in § 46b-62.[3]

[3] We note that although General Statutes § 46b-62 addresses only the issue of *attorney's* fees, we previously have recognized that the same criteria properly informs the court's exercise of discretion regarding fees for a guardian ad litem appointed for a minor child in a dissolution of marriage action or in an action seeking a modification of custody and visitation. See

*Ruggerio* v. *Ruggerio,* supra, 76 Conn. App. 347–48. Section 46b-62 provides in relevant part: "If, in any proceeding under this chapter and said sections, the court appoints an attorney for a minor child, the court may order the father, mother or an intervening party, individually or in any combination, to pay the reasonable fees of the attorney . . . ."

"The order for payment of [guardian ad litem] fees under General Statutes § 46b-62 requires consideration of the financial resources of both parties and the criteria set forth in General Statutes § 46b-82." *Merritt* v. *Merritt,* 2 Conn. App. 425, 428, 479 A.2d 255 (1984). Section 46b-82 instructs the court to consider, inter alia, "the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties . . . ." "Although the trial court is not required to find expressly on each of the § 46b-82 factors, it must have sufficient evidence to support each factor." *Clement* v. *Clement,* 34 Conn. App. 641, 650, 643 A.2d 874 (1994).

In the present case, the court had ample evidence before it to support its order dividing the payment of the currently outstanding guardian ad litem fees between the plaintiff and the defendant in the proportion that it did. Accordingly, we conclude that the court did not abuse its discretion in ordering the plaintiff to pay $5960.01 and the defendant to pay $1490 of the outstanding counsel fees for the guardian ad litem.

The court had before it the following information relevant to the division of fees for the guardian ad litem. The defendant suffered a partial disability for which she received social security income. The plaintiff had a full-time job and, in addition, maintained and operated a for-profit recording studio in his home. For the tax

*Ruggiero* v. *Ruggiero,* supra, 76 Conn. App. 347–48; *Roach* v. *Roach,* 20 Conn. App. 500, 568 A.2d 1037 (1990).

years 2000 and 2001, the plaintiff claimed income of $49,832 and $56,451, respectively. In 2002, the plaintiff also began receiving social security disbursements in the amount of $286 for each of the two children, those disbursements deriving from the defendant's disability. The plaintiff stated, however, that he received those payments somewhat sporadically. The plaintiff also paid alimony of $571 per month to the defendant. The plaintiff stated that he did not have any mortgage payments for which he was responsible.

At the time of the hearing, the defendant was not employed and had not been employed for the preceding four years. The defendant stated at the hearing that she received social security disability payments in the amount of $1089 per month. The defendant also stated that she received alimony payments of $571 per month. On the basis of the foregoing facts, we cannot conclude that the court abused its discretion in allocating the payment of the outstanding counsel fees between the parties as it did.

The situation is different, however, with respect to the court's treatment of the parties' responsibilities for future guardian ad litem fees. To provide a meaningful basis on which to assign responsibility for the payment of guardian ad litem fees, consideration of the financial situation of the parties and the statutory criteria should be made at the time that fees are sought. See General Statutes §§ 46b-62 and 46b-82; *Clement* v. *Clement,* supra, 34 Conn. App. 650; *Merritt* v. *Merritt,* supra, 2 Conn. App. 428. The record is devoid of any evidence sufficient to support an anticipatory allocation of future fees. In the present case, both the amount, if any, of future guardian ad litem fees and the respective financial capacities of the parties to pay such fees are purely speculative. Further, there is nothing in the record to guarantee that when any such guardian ad litem fees are sought, the respective financial situations of the

parties will have remained unchanged. The defendant testified that she was interested in finding employment and that she was currently attempting to secure such employment. That circumstance would have to be considered by the court in the event that additional fees are incurred by the guardian ad litem.

The judgment is reversed only as to the order for the allocation of payment of future guardian ad litem fees and the case is remanded with direction to render judgment as on file except as modified to delete that order.

In this opinion the other judges concurred.